[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION (DOCKET ENTRY NO. 122.09)
A decree of dissolution of marriage was entered in this matter on January 25, 1989. On that date an agreement was executed by the parties providing for joint legal custody of the parties' three minor children, Daniel then age 11 now age 13, James then age 6 now age 9, and Christopher then age 5 now age 7, with physical custody of the children to the plaintiff-father. The agreement provided that the plaintiff was to provide support for the minor children, provide health insurance as provided through his employment for the benefit of the minor children and to pay for the uninsured and uncovered medical expenses of the minor children.
The agreement further provided that at such time as the defendant-mother became gainfully employed or otherwise able to provide support the amount of such support shall be considered and determined. (Paragraph V, page 4 of the Agreement incorporated by reference in the decree.) The agreement also provided that at such time as the defendant became gainfully employed, or otherwise able to contribute or pay for the uninsured/uncovered medical expenses of the minor children, the question of contribution or payment by the defendant shall be considered and determined.
The defendant's grandmother died on February 25, 1989. Her will sets forth a discretionary spendthrift trust for the benefit of the defendant. The estate of Jule C. Malone, the deceased grandmother, is being probated in the Milford Probate Court. The trustees, William M. Sherman, Esquire and John Charles Malone, the defendant's uncle, are in the process of; funding the trusts of the estate. It is contemplated that a separate trust with a principal of $130,000.00 to $140,000.00 will be established and that this trust will generate approximately $10,000.00 in annual income.
As already noted, the trustees have discretion to distribute so much of the income or principal as they "deem necessary or proper to provide for her [the defendant's] support, health, welfare, maintenance or comfort adding any unused income to the principal at the end of the year." The trust provides for distribution "at least quarterly during her [the defendant's] entire life." (Plaintiff's exhibit B.) The trust has not yet been fully funded. The income of the trust has not been determined. The payments (i.e., monthly, bimonthly or quarterly) have not yet been determined. CT Page 4039
The defendant remarried on June 7, 1990. She and her husband are separated at the present time, and the defendant is living in a rented apartment in Stratford. There is presently pending a summary process action against her for nonpayment of rent. She is unemployed at the present time and is receiving $515.00 per month by way of city welfare. This is the second month she has received city welfare so that she owes the Town of Stratford $1,030.00. Her financial affidavit further reflects liabilities of $12,691.39. During the year 1990, the defendant received $18,700.00. The bulk of this money went to pay bills.
The defendant has never been fully employed. She has a high school education and has taken a few college courses. She is currently a student at Bullard Haven Technical School, attending Tuesday and Thursday evenings from 4:00 p. m. to 7:00 p. m., taking courses to become a nurses' assistant. She suffered serious depression following her grandmother's death and sought psychiatric help.
The plaintiff is employed as a maintenance mechanic at General Electric. His gross weekly pay is $590.00 per week. He has a 401(K) plan and deposits $25.00 to the Credit Union, and when these amounts are added back, he has a net income of $510.00 per week. In his financial affidavit he shows weekly expenses of $670.00 with a shortfall of $160.00 per week. Even with the three children, his financial position, until the defendant receives regular payments from the trust, is better than the defendant's.
The motion is presented pursuant to the provisions of46b-86 (a) of the General Statutes. It is clear from the testimony that the defendant at some point should contribute something by way of support for the children. The time is not immediately at hand. It is likely that the time will be in July, August or September of this year. At such time as the defendant starts to receive regular payments of income, be it by way of earnings or from the trust, she is to notify her counsel immediately and, in turn, her counsel shall notify plaintiff's counsel. At that time, the parties should return for appropriate orders.
The motion is denied without prejudice to its renewal as previously stated.
EDGAR W. BASSICK, III, JUDGE